IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-00015-FL-1
NO. 5:12-CV-00340-FL

| | | |
|---|---|---|
| RONALD BERNARD GUY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This cause comes before the Court upon petitioner Ronald Bernard Guy's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("motion to vacate"). (DE-162). Respondent government has responded (DE-170) and seeks to dismiss the motion to vacate. (DE-167). Guy has responded to the motion to dismiss. (DE-169). Accordingly, the motion to vacate and the motion to dismiss are ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1), this matter is before the undersigned for the entry of a memorandum and recommendation. For reasons set forth hereafter, it is hereby RECOMMENDED that Guy's motion to vacate (DE-162) be granted in part and denied in part and that the government's motion to dismiss (DE-167) be granted in part and denied in part**.**

1

## I. BACKGROUND

On January 9, 2008, a federal grand jury returned a three-count indictment charging Guy with (1) carjacking and aiding and abetting in violation of 18 U.S.C. §§ 2119 and 2; (2) discharging a firearm during a crime of violence and aiding and abetting in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2; and (3) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. (DE-1). Guy pled guilty to counts two and three of the indictment pursuant to a written plea agreement. (DE-49, DE-47). At sentencing on August 12, 2008, Guy was categorized as an armed career criminal and a career offender. DE-94; Presentence Investigation Report 11, DE-112. After granting a motion by the government for downward departure, the district court imposed consecutive terms of imprisonment of 120 months on count two and 84 months on count three, for a total term of imprisonment of 204 months. (DE-94, DE-95). Judgment was entered August 12, 2008. Guy did not appeal this judgment.

On February 21, 2012, the Court granted Guy's pro se motion for appointment of counsel under Standing Order 11-SO-3 regarding motions for post-conviction relief pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Appointed counsel with the Federal Public Defender's Office filed the instant motion to vacate on June 14, 2012, asserting that Guy was erroneously convicted of being a felon in possession of a firearm and improperly sentenced as an armed career criminal and career offender. (DE-162). The government agrees that Guy was erroneously convicted under count three of the indictment of being a felon in possession of a firearm. With regard to this

conviction, the government states that it deliberately waives any defense based on the one-year statute of limitations for § 2255 motions. However, the government does not agree that Guy is entitled to resentencing on count two of the indictment and does not waive its defenses as to count two.

## II. LEGAL STANDARDS

### A. Motion to Dismiss

The government has filed its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, a plaintiff must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The facts alleged must "raise a right to relief above the speculative level," *id.* at 555, and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the

3

court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Id.* at 1950. Without such "heft," claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with" a defendant's liability, Twombly, 550 U.S. at 557, fail to nudge claims "across the line from conceivable to plausible." *Id.* at 570.

**B.  28 U.S.C. § 2255**

Under section 2255, Title 28 of the United States Code, a petitioner may obtain relief from his sentence if he can show that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law."  28 U.S.C. § 2255(a).  The burden is on the petitioner to establish his claim to relief by a preponderance of the evidence.  *See, e.g.*, Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . . ."); Toribio-Ascencio v. United States, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549 at *5 (E.D.N.C. Oct. 25, 2010) ("In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence.").

Claims under 28 U.S.C. § 2255 are subject to a one-year statute of limitations.  28 U.S.C. § 2255(f).  This limitation period runs from the latest of:

>  (1) the date on which the judgment of conviction becomes final;

4

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1-4).

Equitable tolling applies to the statute of limitations in § 2255 proceedings. United States v. Oriakhi, 394 Fed. App'x 976, 977 (4th Cir. 2010) (citing Holland v. Florida, 560 U.S. __, 177 L. Ed. 2d 130 (2010)). However, the barrier to application of the remedy of equitable tolling is significant. The doctrine of equitable tolling generally is appropriate in two distinct situations: where the petitioner was prevented from asserting his claim by some wrongful conduct on the part of the respondent, or where extraordinary circumstances beyond the petitioner's control made it impossible to file the claims on time. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Id. Thus, "any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be

5

unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*

With these legal precepts in mind, the undersigned considers Guy's claims.

## III. ANALYSIS

Here, the motion to vacate is untimely. The district court imposed judgment against Guy on August 12, 2008. Guy did not appeal and did not file his motion to vacate until June 14, 2012, more than three years after his conviction was final. He nevertheless contends that his motion should be considered timely pursuant to 28 U.S.C. § 2255(f)(4), which provides that the one-year period of limitation for filing of § 2255 motions to vacate shall run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Guy contends that the Fourth Circuit's decision in *Simmons* constitutes a "fact" supporting his claim, and he therefore asserts that the limitation period for filing his § 2255 motion should toll from that opinion's August 17, 2011 issuance date.

This argument has been squarely rejected by this Court, however. *See* United States v. Hardison, Nos. 4:11-CV-196-FL, 4:08-CR-77-FL-2, 2011 U.S. Dist. LEXIS 14802, at *5 (E.D.N.C. Dec. 27, 2011) (concluding that the Fourth Circuit's decision in *Simmons* does not constitute a "fact supporting [a 2255] claim" pursuant to 28 U.S.C. § 2255(f)(4)). Thus, the issuance of *Simmons* may not serve as the starting date for purposes of the one-year statute of limitations.

To the extent that Guy may be seeking relief pursuant to 28 U.S.C. § 2255(f)(3), the

6

Fourth Circuit has determined that the Supreme Court's 2010 decision in *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), applied by the Fourth Circuit in *Simmons*, did not recognize a new substantive right retroactively applicable to cases on collateral review. See United States v. Powell, No. 11-6152, 2012 U.S. App. LEXIS 17485 (4th Cir. Aug. 20, 2012). Instead, "the Supreme Court's decision in *Carachuri* at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment" and is therefore "not retroactively applicable to cases on collateral review." *Id.* at *14. Accordingly, the Fourth Circuit in *Powell* dismissed the § 2255 motion as untimely pursuant to 28 U.S.C. § 2255(f)(3). *Id*. at *15. Thus, 28 U.S.C. § 2255(f)(3) provides no assistance to Guy in this matter.

Finally, Guy argues that the Court should apply equitable tolling to his case. There is no contention of any wrongful conduct on the government's part. Instead, Guy contends that the Fourth Circuit's decision in *Simmons* dramatically altered controlling circuit precedent and should be viewed as an "extraordinary circumstance" beyond his control, warranting relief. However, equitable tolling is a "rare" remedy that "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris, 209 F.3d at 330. Here, Guy argues that a change in the law warrants equitable tolling. But certain shifts in the law are inevitable, and Guy's argument merely mimics the position--expressly rejected by the Fourth Circuit in *Powell*--that the change in law announced in *Carachuri-Rosendo* and applied in *Simmons*

7

should be retroactive. While the Fourth Circuit in *Powell* did not explicitly address the issue of equitable tolling, it emphasized the "exceptional situations" in which new legal rules ought to be applied retroactively. Powell, 2012 U.S. App. LEXIS 17485 at *8. To apply equitable tolling based on a mere procedural change in the law that the Fourth Circuit has determined should not be applied retroactively conflicts with the underlying reasoning of *Powell* and amounts to an attempted "run around" the explicit language of 28 U.S.C. § 2255(f)(3). Under these circumstances, equitable tolling should not apply. [1] *See* McClain v. United States, Nos. 3:12-CV-5, 3:08-CR-218, 2012 U.S. Dist. LEXIS 11750, at *6-7 (W.D.N.C. Feb. 1, 2012) (dismissing the petitioner's § 2255 motion to vacate as untimely and declining to apply equitable tolling, despite the government's concession that the petitioner was actually innocent of being a felon in possession of a firearm in light of *Simmons*).

The undersigned therefore concludes that the motion to vacate is untimely and should be denied as far as it seeks resentencing as to count two of the indictment.

With regard to count three of the indictment, however, the government states that it

---

1. In so concluding, the undersigned recognizes that one district court judge of this Court has found equitable tolling of untimely petitions appropriate in cases of 2255 prisoners seeking relief pursuant to *Simmons*. *See, e.g.*, Mahorn v. United States, Nos. 5:06-CR-128-BO, 5:12-CV-188-BO, 2012 U.S. Dist. LEXIS 52230 (E.D.N.C. Apr. 13, 2012); Bryant v. United States, Nos. 2:03-CR-1-BO-1, 2:11-CV-72-BO, 2012 U.S. Dist. LEXIS 47328 (E.D.N.C. Apr. 2, 2012). However, these cases were decided before the Fourth Circuit issued its decision in *Powell*, and the government has filed notices of appeal in these cases. Notably, the district court judge also determined in these cases that *Carachuri-Rosendo* created a new rule retroactively applicable on collateral review. As noted *supra*, this determination has now been expressly rejected by the Fourth Circuit in *Powell*, the likely result being that these cases may be reversed at least in part on appeal.

Case 5:08-cr-00015-FL   Document 171   Filed 09/11/12   Page 8 of 10

deliberately waives its defense of the statute of limitations. Guy was convicted on count three of the indictment of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), for which he was sentenced to 84 months' imprisonment. The government agrees that this conviction was erroneous because at the time of sentencing, Guy had no convictions that qualified as predicate felonies for the purposes of 18 U.S.C. § 922(g). Although the government initially sought to dismiss the motion to vacate in its entirety, the government now states that it deliberately waives its statute of limitations defense with regard to the motion to vacate as to count three of the indictment.

The Supreme Court has explained that, while district courts have discretion *sua sponte* to raise a statute of limitations defense in a habeas case when the government inadvertently fails to raise it, Wood v. Milyard, 132 S. Ct. 1826, 1834 (2012), when the government intentionally relinquishes the statute of limitations defense, "a district court [is] not . . . at liberty to disregard that choice." *See* Day v. McDonough, 547 U.S. 198, 210 n.11 (2006); *see also* Wood, 132 S. Ct. at 1835 (holding that the State's deliberate decision not to contest the timeliness of a defendant's habeas petition "after expressing its clear and accurate understanding of the timeliness issue" constituted a deliberate waiver). Thus, the district court may not set aside the government's deliberate waiver of its timeliness defense. *See* Day, 547 U.S. at 202 ("[W]e would count it an abuse of discretion to override a State's deliberate waiver of a limitations defense"). In light of the government's deliberate waiver of its statute of limitations defense as to count three of the indictment, the undersigned recommends this Court should reach the merits of Guy's claim

9

as to count three and vacate his conviction of being a felon in possession of a firearm.

## IV. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Guy's motion to vacate (DE-162) be GRANTED IN PART with regard to Count Three of the indictment and DENIED IN PART as to Count Two of the indictment. Correspondingly, the undersigned RECOMMENDS that the motion to dismiss (DE-167) be GRANTED IN PART as to Count Two of the indictment and DENIED IN PART as to Count Three of the indictment.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Monday, September 10, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE