IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-15-FL
No. 5:12-CV-340-FL

| | |
|---|---|
| RONALD BERNARD GUY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )     **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE 162), pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The government has filed a motion to dismiss (DE 167) and a supplemental response (DE 170) agreeing to dismissal of one of two counts conviction. In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb entered memorandum and recommendation (M&R) wherein it is recommended that the court grant in part and deny in part petitioner's motion. (DE 171). Petitioner filed objections to the M&R. The court held this matter in abeyance pending decision in Miller v. United States, 735 F.3d 141 (4th Cir. 2013), and then directed supplemental briefing, which has been received. In this posture, the matter is ripe for ruling. For the reasons stated below, the court adopts the recommendation of the magistrate judge and grants in part and denies in part petitioner's motion.

**BACKGROUND**

Petitioner pleaded guilty pursuant to a written plea agreement to discharging a firearm during a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (count two); and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924

(count three). On August 12, 2008, petitioner was sentenced to a term of imprisonment of 120 months on count two and 84 months on count three, to be served consecutively. In calculating petitioner' sentence the court determined that petitioner was a career offender, subjecting him to a sentencing guidelines range enhancement under USSG §§ 5G1.2(e) and 4B1.1. Petitioner's sentence on count three resulted, in part, from reduction upon motion by the government under USSG § 5K1.1. Petitioner did not appeal. On June 14, 2012, petitioner filed the instant motion pursuant to 28 U.S.C. § 2255, arguing that his conviction on count three should be vacated for lack of a valid predicate felony offense, and arguing that his career offender sentence enhancement impacting the guidelines range of imprisonment on count two was erroneous in light of Simmons. The government concedes that count three should be vacated in light of Simmons, but it contends that the claim for reduction of sentence as to count two is untimely and barred by the waiver in his plea agreement, among other grounds.

**DISCUSSION**

A. Count Three - Actual Innocence

Where the government concedes that petitioner is actually innocent of his felon in possession of a firearm conviction (count three), and where the government waives previously asserted defenses, this count of conviction must be vacated. See Miller, 735 F.3d at 143. Accordingly, the court will amend its judgment entered August 12, 2008, as previously amended on September 4, 2013, to dismiss the conviction and sentence only as to count three, with all other terms of the judgment and amended judgment remaining.

B. Count Two - Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject to a one-year statute of limitations, which runs from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1–4).

Petitioner's motion is untimely under each prong of § 2255(f). It was filed more than one year after the judgment became final. There is no alleged impediment to making the motion created by governmental action. The Supreme Court has not recognized a new rule of substantive law retroactively applicable to cases on collateral review on the basis asserted here. And, no new facts supporting the claims have been discovered. Miller does not change the conclusion that petitioner's motion is untimely. See Miller, 735 F.3d at 143 (noting that government waived statute of limitations "which would normally bar Miller's motion as untimely"); United States v. Powell, 691 F.3d 554, 560 (4th Cir. 2012) (dismissing § 2255 Simmons motion as untimely).

Petitioner contends, nonetheless, that equitable tolling is warranted. An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir.2002). A petitioner is "only entitled to equitable tolling if he presents . . . extraordinary circumstances" preventing him from timely filing. Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Holland v. Florida, 130 S.Ct. 2549, 2562 (2010).

3

Petitioner argues that equitable tolling should apply because Simmons announced a new rule of substantive law that is retroactively applicable on collateral review. He suggests it is wholly arbitrary and a "miscarriage of justice" to treat his Simmons claim as untimely solely because the Fourth Circuit, rather than the Supreme Court, recognized the new rule of substantive law.

Accepting petitioner's argument, however, would render the limitations rule in (f)(3), and the court's ruling in Powell, meaningless. In addition, no "miscarriage of justice" has occurred where the sentence imposed in this case was not greater than the statutory maximum applicable to the offense absent the career offender sentencing enhancement. See Powell, 691 F.3d at 563 n. 2 (King, J. dissenting in part and concurring in the judgment in part).

Accordingly, the court declines to apply equitable tolling and will therefore dismiss as untimely petitioner's claim seeking resentencing as to count two.

C. Count Two - Plea Waiver

The government also argues that petitioner's claim is barred by the waiver in his plea agreement. The court must enforce a waiver in a plea agreement "if it is valid and the issue appealed is within the scope of the waiver." United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013). This rule applies equally to waiver of direct-appeal rights and waiver of collateral-attack rights. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

"Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Copeland, 707 F.3d at 528 (quoting United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir.2012)). With respect to the scope of a plea waiver, the Fourth Circuit has held that a Simmons claim based upon improper sentencing enhancement falls within the scope of a plea agreement waiving the right to contest the conviction or the sentence on

4

appeal and in a post-conviction proceeding. Id. at 525 & 529.

Petitioner does not contend that his waiver was invalid due to any defect in the Rule 11 colloquy. Rather, he suggests that he did not knowingly and voluntarily waive his rights to bring a collateral attack based upon Simmons, because neither party had any reason to believe that the substantive law would change under Simmons. He also contends his Simmons claim falls outside of the scope of the plea waiver because his improper sentence constitutes a miscarriage of justice. Both arguments are foreclosed by Copeland, where the court confirmed that a defendant "cannot invalidate his appeal waiver now to claim the benefit of subsequently issued case law," and that an "illegal" sentence permitting an appeal waiver must be a "sentence imposed in excess of the maximum penalty provided by statute." 707 F.3d at 529 & 530; see also United States v. Jones, No. 12-7600, 2014 WL 68607 *1 (4th Cir. Jan. 9, 2014) (plea waiver barred collateral attack based on Simmons, despite decision in Miller).

Accordingly, the court will dismiss petitioner's claim seeking resentencing as to count two as barred by the waiver in the plea agreement.

D. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is warranted on whether petitioner's claim seeking resentencing as to count two is untimely and barred by the plea waiver, in light of the Fourth

5

Circuit's decision in Miller. See Jones, 2014 WL 68607 *1 (expanding certificate of appealability to cover both timeliness and waiver issues, following Miller).

## CONCLUSION

For the foregoing reasons, the court ADOPTS the recommendation of the magistrate judge, GRANTS IN PART AND DENIES IN PART the government's motion to dismiss (DE 167), and GRANTS IN PART AND DISMISSES IN PART petitioner's motion to vacate (DE 162). Petitioner's conviction and sentence on count three of the indictment, as set forth in the court's August 12, 2008, judgment, and the court's September 4, 2013, amended judgment, is VACATED. Petitioner's sentence as to count two of indictment remains 120 months, producing a total term of imprisonment of 120 months. The term of supervised release remains 5 years, but as to count two only. All other terms of the court's August 12, 2008, judgment, and the court's September 4, 2013, amended judgment remain in effect. A certificate of appealability is GRANTED on the terms set forth herein.

SO ORDERED, this 20th day of February, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge